Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001242
24-AUG-2016
09:24 AM

NO. CAAP-13-0001242

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JEANNE CADAWAS AND ROBERT RAPOSAS, Plaintiffs-Appellants,
v.
TWYUS PEAHU, CARL W. CABERTO, BUNNY MATTICE-CLEVENGER,
FUNDINGFORECLOSURE.COM, EMC MORTGAGE CORPORATION, MORTGAGE
ELECTRONIC REGISTRATION SYSTEM, INC., JOHN DOES 1-10, JANE DOES
1-10, DOE CORPORATIONS, PARTNERSHIPS AND OTHER ENTITIES 1-10,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 07-1-0085)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Fujise and Ginoza, JJ.)

Plaintiffs/Counterclaim Defendants/Appellants Jeanne
Cadawas (Cadawas) and Robert Raposas (Raposas) (collectively
Appellants) appeal from a "Final Judgment in Favor of Defendant
U.S. Bank, N.A., on U.S. Bank, N.A.'s Second Claim for Relief in
its Counterclaim" (Judgment) filed May 1, 2013, in the Circuit
Court of the Fifth Circuit (circuit court)[1] pursuant to Hawai'i
Rules of Civil Procedure (HRCP) Rule 54(b).

The circuit court entered judgment in favor of
Defendant/Counterclaim Plaintiff/Cross Claim Plaintiff/Appellee
U.S. Bank, National Association, Successor Trustee to Bank of
America, National Association, as Successor by Merger to LaSalle
Bank National Association, as Trustee for Certificate Holders of

---

[1]  The Honorable Kathleen N.A. Watanabe presided.

Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2006-HEI (U.S. Bank)[2] and against, in pertinent part, the Appellants[3] after determining that there were no genuine issues of material fact that U.S. Bank is the owner and <u>holder</u> of two promissory notes and accompanying valid and subsisting mortgage liens on the subject property, and all claims, rights, title and interest of the other parties are junior, inferior, subject to, and otherwise subordinate to the interests of U.S. Bank.[4]

The Appellants contend that the circuit court erred in granting summary judgment because (1) there are genuine issues of material fact whether U.S. Bank is legally entitled to enforce the promissory notes and mortgages, and (2) the court relied on inadmissible evidence.[5]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve the Appellants' points of error as follows and affirm.

The overall circumstances of this case are fairly complex with multiple claims, counterclaims, and cross-claims in this multi-party lawsuit. However, this appeal only addresses the HRCP Rule 54(b) judgment as to U.S. Bank's second claim for

---

[2] On May 27, 2009, the circuit court certified Bank of America, National Association as Successor by Merger to LaSalle Bank National Association, as Trustee for Certificate Holders of Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2006-HEI (Bank of America), as DOE Corporation No. 2. On November 4, 2009, Bank of America filed the counterclaim/cross-claim at issue in this appeal. On March 30, 2012, Bank of America filed a Notice of Name Change, in which it informed the court that, effective January 20, 2011, its name is U.S. Bank, the identified appellee in this appeal.

[3] Judgment was also entered against Defendant/Counterclaim Plaintiff/Cross-Claim Plaintiff/Cross Claim Defendant/Appellee Carl W. Caberto and Defendant/Cross-Claim Defendant/Appellee Bunny Mattice-Clevenger.

[4] On November 4, 2009, Bank of America filed a joint counterclaim and cross-claim, and the second claim for relief is both a counterclaim against the Appellants and a cross-claim against other named defendants.

[5] The Appellants' points of error in their opening brief do not comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4). The Appellants' counsel is cautioned to comply with HRAP 28(b)(4).

relief.[6]

The Appellants contend that the circuit court erred in granting U.S. Bank's motion for partial summary judgment on its second claim for relief because U.S. Bank did not sufficiently demonstrate, via admissible evidence, physical delivery and indorsement of both promissory notes at issue (referred to as "First Note" and "Second Note") as necessary to establish that U.S. Bank is a "person entitled to enforce" the notes pursuant to the Uniform Commercial Code (UCC).[7]

U.S. Bank contends that it need not demonstrate that it is a person entitled to enforce the notes because the second claim for relief is not a claim to enforce the notes, but instead merely a claim for recognition of the validity of the mortgage liens. However, in the Judgment, the circuit court determined that U.S. Bank is the current "holder" of the First Note and Second Note, which means U.S. Bank is entitled to enforce the notes. In re Tyrell, 528 B.R. 790, 794 (Bankr. D. Haw. 2015), quoted in U.S. Bank N.A. v. Mattos, 137 Hawai'i 209, 367 P.3d 703 (App. 2016), cert. granted, No. SCWC-14-0001134, 2016 WL 3524989 (June 23, 2016) ("In order to enforce a note and mortgage under Hawaii law, a creditor must be 'a person entitled to enforce' the note. One person entitled to enforce an instrument is a 'holder' of the instrument." (Footnote omitted.)). Thus, whether U.S. Bank is a "holder" is relevant, and, based on the Appellants' arguments on appeal, the only issue challenged in this appeal.[8]

---

[6] Bank of America (U.S. Bank) asserted eight (8) claims for relief: (1) Misrepresentation; (2) Declaratory Relief; (3) Judicial Foreclosure; (4) Contribution/Indemnity; (5) Constructive Trust; (6) Breach of Warranty; (7) Breach of Contract; and (8) Punitive Damages. Only claims 2, 3, and 5 were asserted against Appellants.

[7] Based on our conclusion below that U.S. Bank met its burden to demonstrate that no genuine issue of material fact existed as to its status as holder of the First Note and Second Note, we need not consider any argument related to the assignment of mortgages in this case because transfer of the notes carried the mortgages with it. Carpenter v. Longan, 83 U.S. (16 Wall.) 271, 274 (1872); In re Veal, 450 B.R. 897, 916 (B.A.P. 9th Cir. 2011).

[8] The Appellants do not appear to make any arguments addressing the circuit court's determinations that both of the mortgages are valid and subsisting mortgage liens on the subject property; and that the claims, rights, title and interest, if any, of, in pertinent part, the Appellants are
(continued...)

3

We review the circuit court's grant or denial of summary judgment *de novo*. *Hawai'i Community Federal Credit Union v. Keka*, 94 Hawai'i 213, 221, 11 P.3d 1, 9 (2000). The standard for granting a motion for summary judgment is settled:

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and the inferences drawn therefrom in the light most favorable to the party opposing the motion.

*Id.* (citations and internal quotation marks omitted).

<u>Querubin v. Thronas</u>, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005) (brackets omitted).

> The burden is on the party moving for summary judgment (moving party) to show the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitles the moving party to judgment as a matter of law. This burden has two components.
>
> First, the moving party has the burden of producing support for its claim that: (1) no genuine issue of material fact exists with respect to the essential elements of the claim or defense which the motion seeks to establish or which the motion questions; and (2) based on the undisputed facts, it is entitled to summary judgment as a matter of law. Only when the moving party satisfies its initial burden of production does the burden shift to the non-moving party to respond to the motion for summary judgment and demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.
>
> Second, the moving party bears the ultimate burden of persuasion. This burden always remains with the moving party and requires the moving party to convince the court that no genuine issue of material fact exists and that the moving part[y] is entitled to summary judgment as a matter of law.

<u>Stanford Carr Dev. Corp. v. Unity House, Inc.</u>, 111 Hawai'i 286, 295-96, 141 P.3d 459, 468-69 (2006)(block format omitted)(quoting <u>French v. Hawaii Pizza Hut, Inc.</u>, 105 Hawai'i 462, 470, 99 P.3d 1046, 1054 (2004)).

In terms of U.S. Bank's status as "holder", the First

---

[8](...continued)
junior, inferior, subject to, and otherwise subordinate to the mortgages. These issues are therefore waived. Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(7).

Note and Second Note are negotiable instruments subject to the UCC, adopted in Hawai'i as Hawaii Revised Statutes (HRS) Chapter 490. See HRS § 490:3-104 (2008) (defining negotiable instrument). A "holder" is "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession[.]" HRS § 490:1-201(b) (2008).

In support of its motion for partial summary judgment, U.S. Bank submitted copies of both notes. The First Note and Second Note are made payable "to the order of" Mortgage Loan Specialists, Inc. (MLS). The Appellants contend that U.S. Bank has not demonstrated via admissible evidence an indorsement or other transfer of rights in the First Note or Second Note from MLS to any other person or entity, or from any person or entity to U.S. Bank. The Appellants contend that the First Note and Second Note only provide that they are payable to the order of MLS, and neither includes any indorsements or allonges to a third party.

Contrary to the Appellants' latter contention, attached to both notes is an allonge[9] that contains an indorsement in the name of MLS by Patsy Rackleff (Rackleff), identified as "EVP, CCO." "An instrument payable to an identified person may become payable to bearer if it is indorsed in blank pursuant to section 490:3-205(b)." HRS § 490:3-109(c) (2008). "If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement.' When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." HRS § 490:3-205(b) (2008);[10] HRS § 490:3-201(b).

---

[9] "An 'allonge' is defined as 'a slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements.'" Mortg. Elec. Registration Sys., Inc. v. Wise, 130 Hawai'i 11, 14 n.6, 304 P.3d 1192, 1195 n.6 (2013) (quoting Allonge, Black's Law Dictionary (9th ed. 2009).

[10] "If an indorsement is made by the holder of an instrument, whether payable to an identified person or payable to bearer, and the indorsement identifies a person to whom it makes the instrument payable, it is a 'special indorsement'. When specially indorsed, an instrument becomes payable to the
(continued...)

"For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument." HRS § 490:3-204(a) (2008). "An indorsement on an allonge is valid even though there is sufficient space on the instrument for an indorsement." U.C.C. § 3-204, cmt 1 (2002). The signature of Patsy Rackleff, which was not a special indorsement, was a blank indorsement and rendered the notes bearer paper which may be negotiated by transfer of possession alone.

The Appellants contend that the First Note, Second Note, and allonges were not admissible due to lack of proper foundation. We reject the Appellants' argument. In support of their motion for partial summary judgment, U.S. Bank submitted the declaration of Shari Middlebrooks, Assistant Vice President for J.P. Morgan Chase Bank, N.A. Middlebrooks declared that J.P. Morgan Chase is the attorney-in-fact for U.S. Bank; she made the declaration based on her personal knowledge; she reviewed the loan files and records of EMC Mortgage Corporation (EMC) as servicing agent for U.S. Bank related to the pertinent loans, which are kept in the ordinary course of business and are business records; and the attached exhibits were "true and correct" copies of the First Note and Second Note. The Appellants do not dispute that the First Note and Second Note were executed in favor of MLS and do not raise a genuine question as to the authenticity of the originals of the notes. Thus, the copies of the notes were admissible. See Hawaii Rules of Evidence (HRE) Rules 803(b)(6) and 1003. Next, the Appellants contend that Middlebrooks' declaration does not lay sufficient foundation to admit the allonges because "there is no apparent or demonstrated relationship between J.P. Morgan Chase Bank and the parties to the allonges." This contention is without merit because Middlebrooks attested to the relationship between J.P. Morgan Chase and U.S. Bank, the current holder of bearer paper, and declared that the submitted exhibits were allonges "affixed"

---

[10](...continued)
identified person and may be negotiated only by the indorsement of that person." HRS § 490:3-205(a).

to the notes that were part of the business records.

Because the notes were indorsed in blank, they could be negotiated via transfer of possession. To demonstrate possession of the First Note and Second Note, U.S. Bank submitted two declarations in support of its motion for partial summary judgment. Middlebrooks declared that, upon her review of business records of EMC as servicing agent for U.S. Bank, which are kept in the ordinary course of business, U.S. Bank is the current holder and owner of the First Note and Second Note. Additionally, Brandon M. Segal, attorney for U.S. Bank, declared that "[o]n behalf of U.S. Bank, my office is in possession, custody and control of" the First Note and Second Note.[11] Based on this evidence, U.S. Bank met its initial burden under the summary judgment standard and the burden shifted to the Appellants to demonstrate the existence of genuine issues of material fact regarding U.S. Bank's status as holder.

Appellants do not provide any counter evidence. Rather, Appellants contend that U.S. Bank failed to demonstrate a chain of possession of the First Note and Second Note from MLS to U.S. Bank. For instance, the Appellants contend that there is no documentary evidence of the purported November 21, 2005 assignment of the notes and mortgages from MLS to EMC (who allegedly subsequently transferred the notes and mortgages to a predecessor trustee to U.S. Bank). However, this argument does not raise a genuine issue of material fact. In this case, Rackleff, identified as "EVP, CCO" for MLS, indorsed, or signed the instrument for the purpose of negotiating the notes, in blank. HRS § 490:3-204; HRS § 490:3-109(c); HRS § 490:3-205(b); HRS § 490:3-201(b). The notes thus became bearer paper and any

---

[11] The Appellants contend that U.S. Bank has failed to produce any evidence that Bank of America, see fn. 2, supra, was entitled to enforce the First Note and Second Note at the time it filed the counterclaim. The Appellants further contend that there is no evidence that Bank of America, as trustee, ever transferred its purported interest to U.S. Bank, as successor trustee, such that U.S. Bank is entitled to enforce the notes. We reject the Appellants' contention because (1) the notes were indorsed in blank and thus could be negotiated by transfer of possession alone; (2) Bank of America was certified as a doe defendant at the request of the Appellants because it was the purported current holder of the notes; (3) Bank of America attached copies of the First Note and Second Note to the counterclaim; and (4) the evidence demonstrates that U.S. Bank is the current holder.

subsequent negotiation was accomplished by transfer of possession alone. U.S. Bank has established that it is the current holder of the First Note and Second Note, thus the notes have been transferred.[12]

The Appellants have not demonstrated that there exists a genuine issues of material fact regarding U.S. Bank's status as holder of the First Note and Second Note. The circuit court did not err.

Therefore, IT IS HEREBY ORDERED that the "Final Judgment in Favor of Defendant U.S. Bank, N.A., on U.S. Bank, N.A.'s Second Claim for Relief in its Counterclaim," filed on May 1, 2013, in the Circuit Court of the Fifth Circuit, is affirmed.

DATED: Honolulu, Hawai'i, August 24, 2016.


On the briefs:

Derek R. Kobayashi,
Lauren U. VanBuren,
(Matthew A. Hemme on the briefs),
(Schlack Ito)
George J. Zweibel,
for Plaintiffs-Appellants.

Jade Lynne Ching,
Brandon M. Segal,
(Alston Hunt Floyd and Ing),
for Defendant-Appellee.

*Craig H. Nakamura*
Chief Judge

Associate Judge

Associate Judge

---

[12] The Appellants' contention that the doctrine of judicial estoppel precludes U.S. Bank from contending that the First Note and Second Note were bearer paper was not raised until the reply brief and is thus arguably waived. In re Hawaiian Flour Mills, Inc., 76 Hawai'i 1, 14 n.5, 868 P.2d 419, 432 n.5 (1994). In any event, Appellants' contention that the doctrine of judicial estoppel precludes U.S. Bank from contending that the First Note and Second Note were bearer paper is without merit. U.S. Bank's assertion that the First Note and Second Note were endorsed in blank and were bearer paper was raised in the Circuit Court and was not incompatible with other positions taken by U.S. Bank. Appellants have not shown that the doctrine of judicial estoppel must or should be applied. See Langer v. Rice, No. 29636, 2013 WL 5788676, at *4-5 (Haw. Oct. 28, 2013) (mem.).